# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2026

Lyle W. Cayce
Clerk

No. 25-10687

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EMMA MARIE STANLEY,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-6

_____

Before WIENER, HAYNES, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

To collect taxes from Emma Stanley's ex-husband, the United States sought to enforce liens against the net proceeds from the sale of a property the ex-spouses owned. The district court granted summary judgment in favor of the Government, concluding the duty of consistency barred Stanley from claiming an ownership interest in the property after she failed to disclose it

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

on a form she submitted in support of her request for innocent spouse relief. For the following reasons, we AFFIRM.

## I.     Background

In 2004, while Emma Stanley and John Dee Stacey were married, Stacey purchased a piece of real property in Grand Prairie, Texas (the "Texas Property") in the name of ARTS Investments, LLC ("ARTS"), an Arizona limited liability company whose managers are Stacey and Stanley.

Stacey filed for divorce in Florida in 2007. In that action, Stanley listed the Texas Property as an asset in a sworn financial affidavit. The Florida court bifurcated the proceedings, granting the divorce in March 2011 but reserving jurisdiction over the issues of property settlement.

In 2014, the United States sued Stacey in the District of Arizona to reduce to judgment his 1995 to 1997 income tax liabilities and foreclose the tax liens for those years as well as a lien arising from a criminal restitution judgment against Stacey on a property located in Mesa, Arizona. The next year, the IRS issued Stanley notices of deficiency for tax years 2000 to 2003 and explained that, because Stanley was married and domiciled in a community property state, her tax liability was computed in accordance with community property laws. A few months later, Stanley filed a petition seeking a redetermination of her 2000 to 2003 liabilities, claiming, *inter alia*, a defense under 26 U.S.C. § 66(c), known as innocent spouse relief.

In 2016, in conjunction with her petition, Stanley completed IRS Form 8857, Request for Innocent Spouse Relief. On the form, Stanley did not disclose any interest in the Texas Property, ARTS, or any other assets, leaving blank Question 21 of the form which stated, "Tell us about your assets," including "money and property." In April 2017, the IRS granted Stanley innocent spouse relief under § 66(c) for most of her liabilities from 2000 to 2003.

No. 25-10687

Eventually, the Florida court ruling on Stanley and Stacey's divorce entered final judgment on reserved property settlement issues, awarding each ex-spouse a one-half interest in both ARTS and the Texas Property.

In 2023, the Government filed the instant suit against Stacey in the Northern District of Texas under 26 U.S.C. §§ 7401 and 7403, "to reduce to judgment and collect over $3.2 million in federal income (Form 1040) taxes owed by [Stacey], and to enforce associated federal tax liens against certain real properties belonging to him or in which he may claim an interest." The Government added Stanley and other defendants "because they have or may claim an interest in the subject real properties."

In an agreed judgment, the district court ruled that Stacey is indebted to the Government for tax liabilities from various years. It declared that Stacey is the owner of all assets titled to ARTS, which is Stacey's "alter ego[] or nominee[]." It ruled that the Government has liens against at least Stacey and ARTS that attach to all their properties, and ordered foreclosure of the properties including the Texas Property. While the agreed judgment did not include Stanley, the district court explicitly found that nothing in the order prohibited her from continuing to assert her alleged rights pertaining to the property in question.

The Texas Property was sold for $750,000, with half of the net proceeds paid to the Government to be applied to Stacey's tax liability, and the other half deposited in the district court registry pending a determination of whether Stanley had any right to it. The district court referred the case to a magistrate judge, with whom the Government and Stanley filed cross-motions for summary judgment on the issue of whether Stanley was entitled to 50% of the proceeds.

The district court adopted the magistrate judge's conclusion that "the duty of consistency estops [Stanley] from now claiming an interest in ARTS

or the [Texas Property] after claiming she had no assets on a sworn IRS Form 8857 filed in 2016." Thus, the district court denied Stanley's motion for summary judgment and granted the Government's. As such, the district court ordered "that the remaining net proceeds that [were] in the court's registry, plus all accrued interest from the sale of the [Texas Property], be awarded to the [Government]." The district court entered final judgment. Stanley timely appealed.

## II.   Jurisdiction & Standard of Review

The district court had jurisdiction under 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345 because this is a suit commenced by the United States concerning enforcement of the internal revenue laws. We have jurisdiction over this appeal under 28 U.S.C. § 1291 because the district court entered a final judgment.

We review a grant of summary judgment de novo. *Cates v. Dillard Dep't Stores, Inc.*, 624 F.3d 695, 696 (5th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We "may affirm the district court's judgment on any basis supported by the record." *Hays v. HCA Holdings, Inc.*, 838 F.3d 605, 608 (5th Cir. 2016) (citation omitted).

## III.   Discussion

The issue on appeal is whether the district court properly granted summary judgment in favor of the Government based on the duty of consistency. We conclude that it did.

"The duty of consistency is a doctrine that prevents a taxpayer from taking one position one year, and a contrary position in a later year, after the limitations period has run in the first year." *Herrington v. CIR*, 854 F.2d 755, 757 (5th Cir. 1988). Its elements are: "(1) a representation or report by the

taxpayer; (2) on which the [Government] has relied; and (3) an attempt by the taxpayer after the statute of limitations has run to change the previous representation or to recharacterize the situation in such a way as to harm the [Government]." *Id.* at 758. If the doctrine applies, the Government "may act as if the previous representation, on which [it] relied, continued to be true, even if it is not. The taxpayer is estopped to assert the contrary." *Id.*

First, Stanley made a representation. By leaving Question 21 of Form 8857 blank, Stanley represented that she had no assets. While Stanley argues that she was under the coercive influence of an abusive marriage, we see no evidence of such coercion in the record.

Second, the IRS relied on Stanley's representation. The Revenue Procedure lists factors to consider in granting innocent spouse relief, including "[w]hether the requesting spouse will suffer economic hardship if relief is not granted." REV. PROC. 2013-34, § 4.03(2)(B). Regarding this factor, the IRS "take[s] into consideration . . . the requesting spouse's assets." *Id.* Therefore, the assets listed, or not listed, on Form 8857 were material to the IRS's decision-making concerning innocent spouse relief.

Third, Stanley made an "attempt . . . to change the previous representation . . . in such a way as to harm the [Government]." *Herrington*, 854 F.2d at 758. After failing to disclose the Texas Property, and all assets, on Form 8857, Stanley now attempts to claim an interest in the Texas Property, thus interfering with the Government's ability to enforce liens on it.

Therefore, the district court properly applied the duty of consistency.

## IV.    Conclusion

Accordingly, we AFFIRM.